Judge STUCKY
delivered the judgment of the Court.
At trial, the military judge limited Appellant’s cross-examination of Cadet SR, the Government’s only witness on his three convictions related to sexual misconduct. We granted review to decide whether Appellant was denied his right to confront his accuser on those three specifications. We hold that Appellant was not denied his right to confront his accuser, and affirm.
I.
A general court-martial consisting of members convicted Appellant, contrary to his pleas, of attempting to disobey an order, going from his place of duty, sodomy, extortion, and indecent assault. Articles 80, 86, 125, 127, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 886, 925, 927, 934 (2006). The convening authority approved the sentence the members adjudged: a dismissal, confinement for six months, and forfeiture of all pay and allowances. The United States Coast Guard Court of Criminal Appeals affirmed on April 9, 2008. United States v. Smith, 66 M. J. 556, 563 (C.G.Ct.Crim.App.2008). Appellant filed a motion for reconsideration which was denied on May 14, 2008. Appellant petitioned this Court for review on July 14, 2008.
II.
As a preliminary matter, the Government contends that Appellant’s petition for review was not timely filed, and that therefore the grant of review should be dismissed as improvidently granted. Article 67(b), UCMJ, 10 U.S.C. § 867(b) (2006), provides that an accused has sixty days to petition this Court for review from the earlier of “(1) the date on which the accused is notified of the decision of the Court of Criminal Appeals; or (2) the date on which a copy of the decision ..., after being served on appellate counsel of record for the accused ... is deposited in the United States mails for delivery by first class certified mail to the accused.” In United States v. Rodriguez, we held that the sixty-day statutory period for filing petitions for review was jurisdictional and could not be waived. 67 M.J. 110, 116 (C.A.A.F.2009).
Before filing a petition for review at this Court, Appellant timely sought reconsideration of the CCA’s decision. Until the CCA rendered a decision on the reconsideration request, either by denying reconsideration or by granting reconsideration and rendering a new decision, there was no CCA decision for *447 this Court to review. We hold that Appellant’s sixty-day period for filing at this Court began on the date the defense was formally notified, under the provisions of Article 67(b), UCMJ, of the CCA’s decision on reconsideration. The evidence of record does not support the Government’s contention that the appeal was untimely filed.
III.
Appellant and Cadet SR were cadets at the United States Coast Guard Academy. During the summer of 2005, Cadet SR and Appellant were assigned to neighboring Coast Guard cutters in Norfolk, Virginia. While there, Cadet SR committed an indiscretion that could have jeopardized her ranking as a cadet and threatened her Coast Guard career. Shortly thereafter, Appellant sent her a text message saying that he hoped the rumors he was hearing were not true. Cadet SR discussed the situation with Appellant but lied about some of the details. Appellant “said he’d try to squash rumors, and that it would be okay.”
In October of that year, after both had returned to the Academy, Appellant notified Cadet SR that the rumors were persisting. She then truthfully disclosed the details of her indiscretion. Appellant said he would continue to try to suppress the rumors, but that he needed motivation to do so. Appellant denied he was seeking sexual favors but suggested the couple take a photograph of themselves naked together to build “trust in one another.” After the photo, Appellant left but returned to her room later that evening. On this occasion, he inserted his fingers in her vagina and placed his tongue on her clitoris. Cadet SR then performed fellatio on him.
IV.
Appellant alleged that Cadet SR’s indiscretion involved engaging in sex with an enlisted member and, pursuant to Military Rule of Evidence (M.R.E.) 412(c)(1), Appellant moved to admit evidence of this prior sexual conduct. That rule provides that “[ejvidence offered to prove that any alleged victim engaged in other sexual behavior” is not generally admissible. M.R.E. 412(a)(1). However, “evidence the exclusion of which would violate the constitutional rights of the accused” is admissible. M.R.E. 412(b)(1)(C).
During a closed hearing conducted pursuant to M.R.E. 412(c)(2), Appellant testified that in May 2005 Cadet SR told him that she had had nonconsensual sexual encounters with an enlisted member, but that in October 2005 she admitted that those sexual encounters had actually been consensual. Cadet SR invoked her right against self-incrimination and did not testify at the hearing. Appellant argued that he should be allowed to question Cadet SR about the encounters for “the specific purpose of establishing a pattern of lying about sexual events.”
The military judge sustained the Government’s objection to the admission of this evidence, but allowed the “members [to] be informed that [Cadet SR’s] secret was information that if revealed could have an adverse impact on her Coast Guard career, including possibly disciplinary action under the UCMJ.” The CCA affirmed this decision. Smith, 66 M.J. at 560-61. Appellant asserts that the military judge erred in not admitting the sexual nature of Cadet SR’s indiscretion, and requests that we set aside his convictions for extortion, sodomy, and indecent acts.
V.
The Sixth Amendment provides that “[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him.” U.S. Const. amend. VI. The right to confrontation includes the right of a military accused to cross-examine adverse witnesses. See United States v. Clayton, 67 M.J. 283, 287 (C.A.A.F.2009). Uncovering and presenting to court members “a witness’ motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination.” Davis v. Alaska, 415 U.S. 308, 316, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) (citation omitted). “Through cross-examination, an accused can ‘expose to the jury the facts from which jurors ... could appropriately draw inferences relating to the reliability of the wit *448 ness.’ ” United States v. Collier, 67 M.J. 347, 352 (C.A.A.F.2009) (quoting Davis, 415 U.S. at 318, 94 S.Ct. 1105).
Typically, we review a military judge’s decision to admit or exclude evidence for an abuse of discretion. See United States v. Weston, 67 M.J. 390, 392 (C.A.A.F.2009). We have also applied the abuse of discretion standard to alleged violations of the Sixth Amendment Confrontation Clause. United States v. Moss, 63 M.J. 233, 236 (C.A.A.F. 2006); United States v. Israel, 60 M.J. 485, 488 (C.A.A.F.2005).
Appellant has the burden under M.R.E. 412 of establishing his entitlement to any exception to the prohibition on the admission of evidence “offered to prove that any alleged victim engaged in other sexual conduct.” United States v. Banker, 60 M.J. 216, 218, 223 (C.A.A.F.2004) (citation omitted). To establish that the excluded evidence “would violate the constitutional rights of the accused,” M.R.E. 412(b)(1)(C), an accused must demonstrate that the evidence is relevant, materia], and favorable to his defense, “and thus whether it is ‘necessary.’ ” Id. at 222 (quoting United States v. Williams, 37 M.J. 352, 361 (C.M.A.1993)). The term “ ‘favorable’ ” as used in both Supreme Court and military precedent is synonymous with “ ‘vital.’ ” Id. (quoting United States v. Valenzuela-Bernal, 458 U.S. 858, 867, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982); United States v. Dorsey, 16 M.J. 1, 8 (C.M.A.1983)).
Appellant contends that his inability to cross-examine Cadet SR about the nature of the secret affected his convictions for sodomy, extortion, and committing an indecent act. We conclude that further cross-examination of Cadet SR was not “constitutionally required.” Assuming arguendo that the exact nature of the indiscretion — that it involved consensual sexual relations with an enlisted member — was relevant, it was neither material nor vital to Appellant’s defense.
Testimony is material if it was “ ‘of consequence to the determination of appellant’s guilt.” Dorsey, 16 M.J. at 6 (quoting M.R.E. 401). In determining whether evidence is of consequence to the determination of Appellant’s guilt, we “consider the importance of the issue for which the evidence was offered in relation to the other issues in this case; the extent to which this issue is in dispute; and the nature of other evidence in the case pertaining to this issue.” Id. (citation omitted). In this case, the evidence was offered on a significant issue, the alleged victim’s credibility, which was in dispute. Nevertheless, knowledge of the exact nature of her indiscretion in relation to the other issues in the case was not important. The military judge allowed Appellant to present a fairly precise and plausible theory of bias, i.e., that she lied to preserve a secret which “if revealed could have an adverse impact on her Coast Guard career, including possibly disciplinary action under the UCMJ.” While Cadet SR’s credibility was in contention, it is unclear why the lurid nuances of her sexual past would have added much to Appellant’s extant theory of fabrication.
Nor is cross-examining Cadet SR about her sexual past “‘vital’” under Banker, 60 M.J. at 222 (quoting Valenzuela-Bernal, 458 U.S. at 867, 102 S.Ct. 3440; Dorsey, 16 M.J. at 8). The “vital” issue is not whether Cadet SR engaged in consensual sex with an enlisted member or whether she lied to Appellant about it, but rather whether she lied about an important issue that would impeach her credibility. Cadet SR admitted that she had been in a “situation” that could have jeopardized her career and her ranking as a cadet; that the “situation” was in violation of cadet regulations and possibly a violation of the UCMJ; and that she initially lied to Appellant about the “situation.” All of this was before the members. The military judge did not abuse his discretion; he provided Appellant what he was due under the Confrontation Clause: an opportunity to impeach the complainant’s credibility.
Finally, Appellant argues that Cadet SR’s past indiscretion and her lies about it gave her similar motive to lie about her relationship with Appellant. We decline to embrace such a broad, cumulative reading of M.R.E. 412 and its case law. Even according to Appellant’s own theory, Cadet SR lied about her sexual past to protect herself, not a *449 relationship with another, unlike United States v. Williams, 37 M.J. 352 (C.M.A.1993), or Olden v. Kentucky, 488 U.S. 227, 109 S.Ct. 480, 102 L.Ed.2d 513 (1988). This is not a ease like Collier in which the appellant asserted she was framed for larceny by her gay lover after the breakup of the relationship. 67 M.J. at 351. Nor does this ease involve recent extramarital sex or rejection and invective which might have caused the victim to falsely claim rape, as in Dorsey, 16 M.J. at 6. To the extent Appellant might have tried to introduce some nonsexual aspects of his theory of bias via M.R.E. 608(c), he failed to frame or raise this issue as such at trial.
VI.
The decision of the United States Coast Guard Court of Criminal Appeals is affirmed.