RYAN, Judge
(dissenting):
I respectfully disagree that the military judge’s limitation on cross-examination in this case was an abuse of discretion.
With respect to the Sixth Amendment’s Confrontation Clause,[1] “trial judges retain wide latitude ... to impose reasonable limits on ... cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness’ safety, or interrogation that is repetitive or only marginally relevant.” Delaware v. Van Arsdall, 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986); see also Delaware v. Fensterer, 474 U.S. 15, 20, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985) (per curiam); United States v. Collier, 67 M.J. 347, 353 (C.A.A.F.2009); United States v. James, 61 M.J. 132, 136 (C.A.A.F.2005). The question is whether a reasonable panel would have received “a significantly different impression” of CL’s credibility had Appellant been permitted to cross-examine her on the prior affair. See Van Arsdall, 475 U.S. at 680, 106 S.Ct. 1431.
I agree with Judge Baker that such evidence was marginally relevant and probative, and precisely the sort of evidence that Military Rule of Evidence 412 was intended to exclude. United States v. Ellerbrock, 70 M.J. 314, 321-22 (C.A.A.F. 2011) (Baker, J., dissenting). The defense counsel was permitted to cross-examine CL on the numerous self-evident bases for her motive to fabricate and to argue the same to the members. On cross-examination, the defense established that CL had been married to her husband (who was deployed to Iraq at the time of the alleged rape) for three years at the time of trial, and that Specialist Jackson — who had witnessed the alleged rape — was very good friends with her husband. The defense also established that CL had ingested Xanax and alcohol while socializing with friends on the night of the alleged rape. Finally, the defense established that CL’s initial sworn statement to investigators differed from her court-martial testimony in that she had not told investigators that Appellant had anal sex with her in the middle of the night and that she had told him to stop. Having established all this, defense counsel argued as follows during closing argument:
When you look at the Complainant, what’s her motive to fabricate? She’s married; living on post; husband is deployed; [s]he has friends over [at] the house on a Tuesday night; start drinking. How does she explain these events to her husband, who’s deployed? ... Why would she have to explain that to her husband? Well, because his best friend, his close friend, is Specialist Jackson.
Defense counsel then argued, “how do we know that [the sex] wasn’t consensual? We don’t know that.” Thus, the defense established the rather self-evident proposition that a married woman whose husband is deployed would have a motive to allege that sex with another — occurring after a social event at which her husband’s good friend was present — was not consensual.
‘When reviewing the adequacy of a cross-examination, the question is whether the jury had sufficient information to make a discriminating appraisal of the witness’s motives and bias.” United States v. Nelson, 39 F.3d 705, 708 (7th Cir.1994) (quotation marks and citations omitted). Here, the members had sufficient information to make a discriminating appraisal of CL’s motive to lie to protect her marriage. Cf. Davis v. Alaska, 415 U.S. 308, 317-18, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) (finding a Confrontation Clause violation where the defense was not permitted to present its theory of bias so that the jury could make “an informed judgment” as to that theory). Evidence of CL’s prior affair would *328 have added little or nothing to this motive for the reasons set forth in Judge Baker’s separate opinion. Ellerbrock, 70 M.J. at 324-26 (Baker, J., dissenting). “Additional cross-examination on this topic would not have established a potential motive to lie but merely would have embellished facts already showing that motive.” Nelson, 39 F.3d at 709; see also United States v. Carruthers, 64 M.J. 340, 344 (C.A.A.F.2007). Thus, the military judge provided Appellant with “what he was due under the Confrontation Clause: an opportunity to impeach the complainant’s credibility.” See United States v. Smith, 68 M.J. 445, 448 (C.A.A.F.2010).
For these reasons, and because military judges have “wide discretion to limit repetitive cross-examination or to prohibit cross-examination that may cause confusion,” James, 61 M.J. at 136, evidence of CL’s prior affair was not constitutionally required to be admitted, and the military judge correctly excluded it. I would therefore affirm the decision of the United States Army Court of Criminal Appeals.

. "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him.” U.S. Const, amend. VI.