# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## William A. FISHER
### Machinery Technician Third Class (E-4), U.S. Coast Guard

## CGCMG 0348
## Docket No. 1444

## 8 March 2018

General Court-Martial convened by Commander, Coast Guard Fifth District.  Tried at Norfolk, Virginia, on 25 February 2016, 18-21 April 2016, and 13 May 2016.

| | |
|---|---|
| Military Judge: | CAPT Gary E. Felicetti, USCG |
| Appellate Defense Counsel: | LCDR Michael J. Meyer, USCG |
| Appellate Government Counsel: | LT Connor B. Simpson, USCG |

## BEFORE
## McCLELLAND, HAMILTON & BRUBAKER
Appellate Military Judges

McCLELLAND, Chief Judge:

Appellant was tried by general court-martial, military judge alone.  Contrary to his pleas, Appellant was convicted of one specification of sexual assault, in violation of Article 120, Uniform Code of Military Justice (UCMJ).  The military judge sentenced Appellant to confinement for six months, reduction to E-1, and a bad-conduct discharge.  At a post-trial Article 39(a), UCMJ, session, acknowledging the mandatory minimum sentence of a dishonorable discharge, the military judge sentenced Appellant to a dishonorable discharge, reduction to E-1, and confinement for ninety days.  The Convening Authority approved the sentence as adjudged.

Before this court, Appellant has assigned the following errors:

I.   The evidence is not factually and legally sufficient to support the finding of guilty to the sole specification.

II.  Article 120(b)(3), UCMJ, is unconstitutionally vague because it fails to define what level of impairment renders a person incapable of consenting.

III.     The military judge erred by excluding evidence pursuant to M.R.E. 412 when that evidence was constitutionally required.

After due consideration of the credibility of the evidence, we conclude that the evidence is legally sufficient, and we are convinced beyond a reasonable doubt of Appellant's guilt. Accordingly, we summarily reject the first assignment. We discuss the other issues and affirm.

## Constitutional challenge to Article 120(b)(3)

The specification of which Appellant was found guilty alleges that Appellant committed a sexual act upon HR when she "was incapable of consenting to the sexual act due to impairment by a drug, intoxicant, or other similar substance, and that condition was known or reasonably should have been known by the accused." This specification uses the language of Article 120(b)(3), UCMJ. Appellant contends that Article 120(b)(3) is unconstitutionally vague because it "fails to define what level of impairment renders a person incapable of consenting." (Appellant's Brief at 6.) He argues, more cogently, that "the word 'incapable' is not defined in the statute. There is no way for a person of ordinary intelligence to know when another person has reached the point of being 'incapable,' short of that person's unconsciousness, because all drinking causes some level of 'impairment.'" (*Id.* at 8.)

The statutory language requires that the alleged victim be "incapable of consenting to the sexual act due to . . . impairment by any drug, intoxicant, or other similar substance . . . ." Any level of impairment is sufficient if it renders the alleged victim incapable of consenting to the sexual act and the incapacity is due to the impairment. The focus of the statute is on capability or incapability to consent, not on impairment. "Incapable of consenting" does not require additional definition. *United States v. Bailey*, 77 M.J. 11, 15 (C.A.A.F. 2017); *see United States v. Pease*, 75 M.J. 180, 185-86 (C.A.A.F. 2016) ("incapable of consenting" has a plain and ordinary meaning: lacking the cognitive ability to appreciate the sexual conduct in question or the physical or mental ability to make or communicate a decision about whether they agree to the conduct).

We reject Appellant's contention. To withstand constitutional scrutiny, a statute must "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited so that he may act accordingly." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). Again, any level of impairment is sufficient under the statute if it renders the alleged victim "incapable of consenting" to the sexual act. Because the meaning of "incapable of consenting" is plain, the statute gives a person of ordinary intelligence fair warning of what conduct is prohibited. The statute thus is not unconstitutionally vague. *See Grayned*, 408 U.S. at 108; *accord United States v. Solis*, 75 M.J. 759 (N.M.Ct.Crim.App. 2016) (rejecting a vagueness challenge to Article 120(b)(3)).

Although the statute is quite clear on the conduct that is unlawful, the difficulty lies in answering whether a given person under the influence of an intoxicant is in fact capable of consenting. This difficulty is not a defect in the statute, but rather a reflection of the fact that intoxicants impact different individuals differently and that the capacity to consent is a subjective inquiry—essentially a question of fact for the factfinder to determine based upon the unique facts of each case. *See United States v. Williams*, 553 U.S. 285, 306 (2008) ("What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is."). Moreover, as our sister court noted in *Solis*, the statute mitigates even this difficulty by requiring proof beyond a reasonable doubt that the incapacitated condition of the victim was known or reasonably should have been known to the accused. *Solis*, 75 M.J. at 763 (citing *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 499 (1982). For these reasons, we reject Appellant's vagueness challenge.

**M.R.E. 412 issue**

At trial, the defense sought to introduce evidence about a certain aspect of HR's sexual history, otherwise inadmissible under Military Rule of Evidence (M.R.E.) 412, 2013 Supplement to the Manual for Courts-Martial, United States (2012), arguing that it was constitutionally required. (Appellate Ex. XI.) The military judge ruled that the evidence was inadmissible. (Appellate Ex. XV.) He noted that both the intercourse and the fact that HR was drunk at the

time were undisputed and the issue was whether or not she was so drunk as to be mentally incompetent. (*Id.* at 5.)

We review a military judge's ruling on whether to exclude evidence pursuant to M.R.E. 412 for abuse of discretion. *United States v. Ellerbrock*, 70 M.J. 314, 317 (C.A.A.F. 2011). "[T]he abuse of discretion standard is strict, 'calling for more than a mere difference of opinion. The challenged action must be arbitrary, fanciful, clearly unreasonable, or clearly erroneous.'" *United States v. Erikson*, 76 M.J. 231, 234 (C.A.A.F. 2017) (quoting *United States v. McElhaney*, 54 M.J. 120, 130 (C.A.A.F. 2000)). An accused has the burden to establish that he is entitled to admission of evidence notwithstanding M.R.E. 412. *Id.* at 235 (quoting *United States v. Smith*, 68 M.J. 445, 448 (C.A.A.F. 2010)). That is, the evidence must be relevant, material, and vital to his defense. *United States. v. Smith*, 68 M.J. 445, 448 (C.A.A.F. 2010). In determining whether evidence is material, "we 'consider the importance of the issue for which the evidence was offered in relation to the other issues in this case; the extent to which this issue is in dispute; and the nature of other evidence in the case pertaining to this issue.'" *Id.* (quoting *United States v. Dorsey*, 16 M.J. 1, 6 (C.M.A. 1983)).

The evidence in question was to the effect that HR had lost her virginity in high school with an unknown individual, which she regarded as sexual assault similar to the incident with Appellant, but did not report, and had regretted not reporting ever since. Appellant argues that the evidence should have been admitted because it demonstrated that HR had a motive to exaggerate her level of intoxication. However, other evidence was admitted that also showed she had a motive to exaggerate her level of intoxication. Certainly the evidence in question provided a motive to report the incident with Appellant, but provided minimal, if any, motive to exaggerate her level of intoxication. *Cf. United States v. Sojfer*, 47 M.J. 425, 428 (C.A.A.F. 1998). We conclude that the evidence was not vital or material. The military judge did not abuse his discretion in concluding that the evidence was minimally probative and would have been distracting and confusing, and accordingly excluding it.

### Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

Judges HAMILTON and BRUBAKER concur.

For the Court,



Shelia R. O'Reilly
Clerk of the Court