# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and LEVIN[1]
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant LESLIE L. DAVIDSON**
**United States Army, Appellant**

ARMY 20170123

Headquarters, Fort Bragg
Gregory E. Maggs, Military Judge (trial)
Jeffery R. Nance, Military Judge (post-trial)
Lieutenant Colonel William E. Mullee, Staff Judge Advocate (pretrial)
Lieutenant Colonel Edward C. Linneweber, Staff Judge Advocate (post-trial)

For Appellant: Colonel Mary J. Bradley, JA; Major Julie L. Borchers, JA; Captain Daniel C. Kim, JA (on brief); Lieutenant Colonel Tiffany D. Pond, JA; Lieutenant Colonel Christopher D. Carrier, JA; Captain Zach A. Szilagyi (on reply brief).

For Appellee: Lieutenant Colonel Eric Stafford, JA; Captain Marc B. Sawyer, JA (on brief).

16 August 2018

---------------------------------
SUMMARY DISPOSITION
---------------------------------

LEVIN, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of abusive sexual contact, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2012) [UCMJ].[2] The military judge sentenced appellant to a bad-conduct discharge, twenty months confinement, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the findings and sentence as adjudged. Appellant was credited with ten days against the sentence to confinement.

---

[1] Judge Levin decided on this case while on active duty.

[2] The military judge acquitted appellant of attempted abusive sexual contact and other sexual misconduct in violation of Articles 80 and 120c, UCMJ.

Appellant's case is before this court for review under Article 66, UCMJ, and he raises one issue, alleging that the military judge abused his discretion and violated appellant's Sixth Amendment rights by precluding evidence of the alleged victim's motive to fabricate. For reasons stated below, we find this argument merits discussion, but not relief.[3]

## FACTUAL BACKGROUND

On 5 March 2017, SPC MC went to a bar located in Fayetteville, NC, with two friends. While there, SPC MC encountered appellant, who was with two friends as well. All six soldiers were members of the same company and were acquainted with one another.

At one point that evening, appellant suggested that he and SPC MC go outside for a cigarette and talk about her career. Earlier, SPC MC had been seeking career advice and indicated she felt alienated in the unit. Prior to going out, appellant asked one of his friends for the keys to his car. Once outside, appellant suggested that he and SPC MC get inside the car to avoid the rain that had just started to fall.

While in the car, appellant exposed his erect penis to SPC MC and told her to perform fellatio. Specialist MC tried to exit the car and appellant grabbed her by her arm and then by her neck, pushing her head down towards his groin. Appellant forced SPC MC's cheek and mouth to touch his penis. Specialist MC successfully escaped from the car and returned to the bar.

At trial, one of appellant's friends testified that SPC MC was visibly upset in the bar after the incident and that she wanted to leave immediately, which she did. She also told appellant's friend that appellant had tried to force her to perform fellatio. Specialist MC's friends confirmed that SPC MC's demeanor had drastically changed from earlier that evening. The next day, SPC MC reported the episode to her chain of command.

Prior to trial, appellant moved under Mil. R. Evid. 412 to introduce certain evidence of SPC MC's romantic relationship with SSG TL, asserting that the evidence was probative of SSG TL's bias and was probative of SPC MC's motive to fabricate. Specialist MC was married to a soldier other than SSG TL.

---

[3] Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant personally asserts a number of issues, including factual sufficiency. As part of our mandate under Article 66, UCMJ, we have reviewed the record of trial and determine the findings are both factually and legally sufficient. The remaining issues personally asserted by appellant merit neither discussion nor relief.

After hearing evidence, the military judge determined that Mil. R. Evid. 412 did not apply to evidence of a romantic relationship, citing *United States v. Alston*, 75 M.J. 875 (Army Ct. Crim. App. 2016).[4] Consequently, he determined that the evidence would be relevant and therefore admissible to demonstrate possible bias of SSG TL, but that appellant had failed to show that the evidence was relevant to prove SPC MC had a motive to fabricate. Therefore, the military judge ruled that such evidence would not be admissible for that purpose. Ultimately, SSG TL did not testify, which rendered any evidence of his bias moot and no evidence of the relationship was offered to the fact finder.

## LAW AND DISCUSSION

We review a military judge's decision to admit or exclude evidence for an abuse of discretion. *United States v. Olson*, 74 M.J. 132, 134 (C.A.A.F. 2015) (citation omitted). "A military judge abuses his discretion if his findings of fact are clearly erroneous or his conclusions of law are incorrect." *Id.* (internal quotation marks omitted) (citation omitted). *See also United States v. Ellerbrock*, 70 M.J. 314, 317 (C.A.A.F. 2011) ("Findings of fact are reviewed under a clearly erroneous standard and conclusions of law are reviewed de novo."). Our superior court has previously stated that the abuse of discretion standard is strict, "calling for more than a mere difference of opinion. The challenged action must be arbitrary, fanciful, clearly unreasonable, or clearly erroneous." *United States v. McElhaney*, 54 M.J. 120, 130 (C.A.A.F. 2000) (internal quotation marks omitted) (citations omitted).

"In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. *See McElhaney*, 54 M.J. at 129. "The right to confrontation includes the right of a military accused to cross-examine adverse witnesses." *United States v. Smith*, 68 M.J. 445, 447 (C.A.A.F. 2010). "Uncovering and presenting to court members 'a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination.'" *Id.* (quoting *Davis v. Alaska*, 415 U.S. 308, 316 (1974)). "A limitation on an accused's presentation of evidence related to issues such as bias or motive to fabricate may violate an accused's right to confront witnesses." *United States v. Gaddis*, 70 M.J. 248, 256 (C.A.A.F. 2011) (citing *Davis*, 415 U.S. at 316-17).

---

[4] In *Alston*, we decided that Mil. R. Evid. 412 applied to evidence of an "intimate" relationship, but did not apply to the existence of "any" relationship—that is, the existence of a relationship stripped of any sexual implications. Whether the military judge correctly concluded that Mil. R. Evid. 412 did not apply to evidence of a "romantic" relationship is not properly before us. We therefore express no opinion on this point.

However, "[w]hile the right to cross-examination is broad, it is not unlimited in scope; nor can it be conducted without due regard for applicable rules of evidence." *United States v. Velez*, 48 M.J. 220, 226 (C.A.A.F. 1998) (citing *Davis*, 415 U.S. at 308). The scope of cross-examination is limited to "the subject matter of the direct examination and matters affecting the credibility of the witness." *McElhaney*, 54 M.J. at 129 (internal quotation marks omitted) (citation omitted). Further, a military judge has "broad discretion to impose reasonable limitations on cross-examination, 'based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.'" *McElhaney*, 54 M.J. at 129 (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)).

At trial, appellant's argument that evidence of the romantic relationship was admissible to prove SPC MC had a motive to fabricate was predicated on the following: 1) that an investigation into the relationship was imminent and 2) SPC MC somehow wanted to divert the attention of the investigating authorities. On appeal, appellant asks us to find error by considering new factual theories in support of admitting the evidence that he did not present before the military judge.

Our superior court recently explained, "our review for error is properly based on a military judge's disposition of the motion submitted to him or her—not on the motion that appellate defense counsel now wishes trial defense counsel had submitted." *United States v. Carpenter*, 77 M.J. 285, 289 (C.A.A.F. 2018). Accordingly, we will not consider arguments or theories of the evidence that were advanced for the first time in this appeal.

During the pretrial hearing, appellant called two witnesses. Neither witness testified that there was an investigation into SPC MC's romantic relationship with SSG TL. No evidence was presented that SPC MC and appellant discussed her relationship with SSG TL. No evidence was presented that SPC MC was concerned about an investigation into that relationship, that an investigation had been initiated, or that there was likely to be an investigation. Consequently, in light of the theory—*presented to the military judge*—that SPC MC manufactured a story to shift attention to appellant to avoid getting into trouble, the military judge was within his discretion to exclude the evidence to prove motive to fabricate as not relevant.[5]

---

[5] The military judge would also have been well-within his discretion to exclude consideration of the romantic relationship between SPC MC and SSG TL under Mil. R. Evid. 403. Any probative value the fact finder might otherwise glean from such evidence would be substantially outweighed by the dangers of unfair prejudice and confusion of the issues. *See United States v. Collier*, 67 M.J. 347, 354 (C.A.A.F. 2009) ("[Mil. R. Evid.] 403 addresses prejudice to the integrity of the trial process, not prejudice to a particular party or witness.").

DAVIDSON—ARMY 20170123

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and the sentence are AFFIRMED.

Senior Judge MULLIGAN and Judge FEBBO concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court