# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**Misc. Dkt. No. 2025-04**

————————————

**In re HF**
*Petitioner*

**Shakib S. RAHMAN**
Senior Master Sergeant (E-8), U.S. Air Force
*Real Party in Interest*

————————————

Petition for Extraordinary Relief in the Nature of a Writ of Mandamus

Decided 13 June 2025

————————————

*Military Judge*: Willie J. Babor.

*GCM convened at*: Aviano Air Base, Italy.

*For Petitioner*: Captain Katelyn H. Deeds, USAF; Devon A. R. Wells, Esquire.[1]

Before ANNEXSTAD, DOUGLAS, and PERCLE, *Appellate Military Judges.*

Judge PERCLE delivered the opinion of the court, in which Senior Judge ANNEXSTAD and Judge DOUGLAS joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PERCLE, Judge:

On 5 May 2025, pursuant to Rule 19 of the Joint Rules of Appellate Procedure for Courts of Criminal Appeals, Petitioner submitted to this court a petition for extraordinary relief in the form of a Writ of Mandamus and a Motion

———————————

[1] There were no other parties to this petition because no briefs were to be filed "unless ordered by the court," and the court did not order any briefs to be filed.

to Stay Order in the pending general court-martial of *United States v. Senior Master Sergeant Shakib S. Rahman*. Master Sergeant Rahman, the Real Party in Interest (RPI), is charged with nine specifications of sexual assault on a child who had attained the age of 12 years but had not attained the age of 16 years, in violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b, and 16 specifications of rape and sexual assault in violation of Article 120, UCMJ, 10 U.S.C. § 920.[2] Petitioner, HF, is the named victim in all charges and specifications. Petitioner requested we stay the proceedings and issue a writ vacating the military judge's order that allowed the admission of evidence under Mil. Rul. Evid. 412. On 15 May 2025, we issued an order denying the request to stay proceedings. We now find issuance of a writ is not appropriate.

## I. BACKGROUND

The RPI is alleged to have committed the charged offenses between on or about 25 June 2015 and on or about 30 June 2022. During the charged timeframe, the RPI was Petitioner's stepfather. During this period, Petitioner lived with the RPI and ER, Petitioner's mother and the RPI's then-wife.

Petitioner brings this petition under Article 6b(e)(4)(A), UCMJ, 10 U.S.C. § 806(e)(4)(A), because the military judge's ruling "degrades" Petitioner, and under Article 6b(e)(4)(C), UCMJ, 10 U.S.C. § 806(e)(4)(C), as the ruling "clearly and indisputably allows evidence foreclosed by Mil. R. Evid. 412."

**A. Defense Motion to Admit Evidence under Mil. R. Evid. 412**

On 21 March 2025, the trial defense team gave proper notice pursuant to Mil. R. Evid. 412 that they intended to seek admission of certain evidence potentially subject to the Rule. Specifically, *inter alia*, they gave notice that: (1) Petitioner had a rumored romantic or sexual relationship with DF[3] from between on or about August 2016 to September 2021 (hereinafter "rumor evidence"), and, (2) in high school, Petitioner engaged in one or more sexual relationships with people other than the RPI (hereinafter "other sexual activity

---

[2] Given the range of dates in the allegations, the charged offenses against the RPI span several versions of the UCMJ. The difference in each version of the applicable UCMJ to specifications of each charge are not relevant for our review of this petition. All other references beyond the charges and specifications as to the UCMJ, Military Rules of Evidence (Mil. R. Evid.), and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2024 ed.).

[3] DF is a shared relative of both Petitioner and the RPI.

incident").[4] The trial defense team filed a formal motion for admission of the same on 31 March 2025.

In support of their request for the military judge to admit this evidence at trial, the Defense cited, *inter alia*, the right to confront witnesses against the RPI pursuant to the Sixth Amendment of the Constitution,[5] *United States v. Gaddis*, 70 M.J. 248 (C.A.A.F. 2011) (where our superior court found the Mil. R. Evid. 403 balancing test was not unconstitutional under Mil. R. Evid. 412(b)(3) and that a victim's privacy interests cannot preclude admission of such evidence), *United States v. Ellerbrock*, 70 M.J. 314 (C.A.A.F. 2011) (where our superior court further explained what relevance and materiality was under Mil. R. Evid. 412(b)(3)), and Mil. R. Evid. 412(b)(3).

Related to the rumor evidence, the Defense argued that the evidence was constitutionally required to be admitted as it relates to Petitioner's credibility during the charged timeframe and Petitioner's ability to perceive and recall the charged events. Specifically, the Defense alleged a theory that Petitioner was conflating her alleged sexual relationship with DF with the RPI, thereby potentially falsely accusing the RPI of the allegations. The Defense also argued that evidence of the rumor, or actual romantic or sexual relationship between Petitioner and DF, was relevant, material, and necessary for the trier of fact to assess their credibility and motives to fabricate.

Related to the other sexual activity incident, the Defense argued this evidence was constitutionally required to understand the context of Petitioner's relationship with her mother and the RPI. They further argued this evidence was necessary to understand why Petitioner moved out of the home she shared with the RPI and how this incident "sparked" reporting the allegations against the RPI which are now the subject of the court-martial.

On 8 April 2025, Petitioner, through her victims' counsel, opposed the disclosure of the requested information averring the Defense had not met its burden of demonstrating the requested information met the relevance and materiality requirements of Mil. R. Evid. 412(b)(3), and that the prejudicial value of this evidence substantially outweighed its low probative value under Mil. R. Evid. 403. Petitioner distinguished her claim but also relied on *Gaddis,* 70 M.J. at 257 (where "once a defendant has been allowed to expose a witness's motivation in testifying, it is of peripheral concern to the Sixth Amendment how

---

[4] On 12 May 2025, we granted Petitioner's request to file her writ under seal. In this opinion, we reference certain intimate details with minimum specificity, not only due to Petitioner's rights to privacy, dignity, and respect, but also because of the pretrial stage of proceedings.

[5] U.S. CONST. amend. VI.

much opportunity defense counsel gets to hammer that point home to the jury"), *Ellerbrock,* and *United States v. Banker*, 60 M.J. 216, 219 (C.A.A.F. 2004) (where our superior court noted Mil. R. Evid. 412 generally is intended to "safeguard the alleged victim against the invasion of privacy and potential embarrassment that is associated with public disclosure of intimate sexual details").

On 9 April 2025, the Government responded to the Defense's motion, advocating that the defense request to admit the rumor evidence should be denied because there was no actual evidence of a romantic or sexual relationship between Petitioner and DF, and, even if there were such evidence, that there was no relevant or material connection between the rumor or relationship between DF and Petitioner to the allegations against the RPI at his court-martial. The Government also argued, assuming some low relevance and materiality existed, the danger of unfair prejudice outweighed the probative value of this information. The Government did not object to the defense request to admit the other sexual activity incident.

On 14 April 2025, the military judge held a closed Article 39(a), UCMJ, 10 U.S.C. § 839(a), hearing to take evidence and argument on the 31 March 2025 defense motion to admit the rumor evidence and the other sexual activity incident.

On 15 April 2025, the miliary judge issued a ruling granting in part and denying in part as discussed below.

**B. Ruling on Rumor Evidence**

The military judge's findings of fact included, *inter alia*, the following:

> [DF] was in high school at [an] Air Base, Germany from 2016 to 2020.
>
> During this time period [DF] did not tell other students he had sex with [Petitioner].
>
> [DF] believes this information was a rumor. [DF] believes the rumor was started by [a certain person].
>
> The school counselor talked to [Petitioner] about this rumor.

The military judge also noted that during a law enforcement interview relating to the RPI's court-martial, Petitioner "described an incident in which she learned that classmates at her high school had heard [DF] claim he had sex with her. Both [Petitioner] and [DF] deny any such sexual activity occurred. However, [Petitioner] stated that [DF] lies and may have fabricated the story to gross out his friends."

The military judge concluded that "[e]vidence regarding [DF's] alleged statements about [Petitioner], including their sexual nature, is relevant because it provides necessary context for the relationship between [Petitioner] and [DF], a noticed government witness." The military judge further concluded this evidence is material and favorable to the Defense, "as it establishes predicate facts relevant to potential bias, prejudice or motive for testimony by both [Petitioner] and [DF]." The military judge balanced that "[t]he probative value of this evidence is not substantially outweighed by the risk of unfair prejudice, confusion of the issues, misleading the members, undue delay, wasted time, or cumulative presentation." The military judge highlighted that "both witnesses are expected to testify about their relationships with the [RPI] and with each other, making the context surrounding these statements particularly relevant." The military judge concluded this evidence would take "minimal time" to present and would not "duplicate other testimony." The military judge then found this evidence was admissible under Mil. R. Evid. 412(b)(3).

## C. Ruling on Other Sexual Acts Incident

The military judge's findings of fact included, *inter alia*, the following:

> During the first week of June 2022, the [RPI] and [ER] discovered that [Petitioner] had a boyfriend . . . leading to a heated argument between [Petitioner] and her parents. During the confrontation, the [RPI] and [ER] told [Petitioner] that she must end her relationship [with her boyfriend] or she would no longer be permitted to live at home. As the argument escalated, it was revealed that [Petitioner] had engaged in sexual relations with other men. [ER] expressed disappointment, while the [RPI] reacted with anger and ultimately told [Petitioner] that she could leave the home if she wished.

The military judge then concluded the Defense had satisfied its burden for the admission of the evidence of the other sexual acts incident because "it provides important context regarding the familial dynamics at the time [Petitioner] reported the alleged misconduct in the case." The military judge determined the Defense had demonstrated the requested information "establishes predicate facts related to [Petitioner's] potential bias, prejudice, or motive for testifying." The military judge again balanced the "probative value of this evidence [and found it] is not substantially outweighed by the risk of unfair prejudice, confusion of the issues, misleading the members, undue delay, wasted time, or cumulative [presentation]." The military judge stated that "[Petitioner] is expected to testify about her relationship with the [RPI] both before and after the charged conduct, making the events leading to her departure from the home highly relevant." The military judge then concluded this evidence would take "minimal time" to present and would not "duplicate other

testimony." The military judge then found this evidence was admissible under Mil. R. Evid. 412(b)(3).

In his ruling, the military judge relied on several pertinent Mil. R. Evid. 412 cases including but not limited to *Banker*, *Ellerbrock,* and *Gaddis*.

## II. DISCUSSION

### A. Law

#### 1. Article 6b, UCMJ

Article 6b(b), UCMJ, defines "victim of an offense under this chapter" as "an individual who has suffered direct physical, emotional, or pecuniary harm as a result of the commission of an offense under [the UCMJ]."

Article 6b(e)(1), UCMJ, 10 U.S.C. § 806b(e)(1), states:

> If the victim of an offense under this chapter believes that . . . a court-martial ruling violates the rights of the victim afforded by a section (article) or rule specified in paragraph (4), the victim may petition the Court of Criminal Appeals [(CCA)] for a writ of mandamus to require the . . . court-martial to comply with the section (article) or rule.

The purpose of a writ of mandamus is to "confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943) (citations omitted). A writ of mandamus "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *EV v. United States*, 75 M.J. 331, 332 (C.A.A.F. 2016) (quoting *Cheney v. United States Dist. Court for D.C.*, 542 U.S. 367, 380 (2004)).

The UCMJ affords certain rights to victims of offenses, including to be treated with "fairness and with respect for [their] dignity and privacy." Article 6b(a)(9), UCMJ, 10 U.S.C. § 806b(a)(9). While victims "do not have the authority to challenge every ruling by a military judge with which they disagree[,] . . . [they] may assert [certain] rights enumerated in Article 6b, UCMJ, [10 U.S.C. § 806b,] in the *Manual for Courts-Martial*, and under other applicable laws." *In re KK*, 84 M.J. 664, 667 (A.F. Ct. Crim. App. 2023).

Article 6b(e)(4), UCMJ, 10 U.S.C. § 806b(e)(4), provides that this right to petition the CCA for a writ of mandamus applies with respect to protections afforded by, *inter alia*, Mil. R. Evid. 412. *See* Articles 6b(e)(4)(A), (C). Accordingly, if a victim believes a court-martial ruling violates any of these rights, "the victim may petition the Court of Criminal Appeals for a writ of mandamus to require the . . . court-martial to comply." Article 6b(e)(1), UCMJ. "If granted,

such a writ would require compliance with Article 6b, UCMJ." *In re KK*, 84 M.J. at 667 (citation omitted).

To prevail on a petition for a writ of mandamus, a petitioner "must show that: (1) there is no other adequate means to attain relief; (2) the right to issuance of the writ is clear and indisputable; and (3) the issuance of the writ is appropriate under the circumstances." *Hasan v. Gross*, 71 M.J. 416, 418 (C.A.A.F. 2012) (per curiam) (citing *Cheney*, 542 U.S. at 380–81); *H.V.Z. v. United States*, 85 M.J. 8, 12 (C.A.A.F. 2024).

"A military judge's decision warranting reversal via a writ of mandamus 'must amount to more than even gross error; it must amount to a judicial usurpation of power . . . or be characteristic of an erroneous practice which is likely to recur.'" *In re KK*, 84 M.J. at 667 (omission in original) (quoting *United States v. Labella*, 15 M.J. 228, 229 (C.M.A. 1983) (per curiam)).

### 2. Mil. R. Evid. 412

The *Manual for Courts-Martial* recognizes certain privileges that may limit the availability of evidence at a court-martial. In particular, Mil. R. Evid. 412 provides that evidence of an alleged victim's sexual predisposition and evidence that an alleged victim engaged in other sexual behavior is generally inadmissible. Mil. R. Evid. 412(a). "'Sexual behavior' includes any sexual behavior not encompassed by the alleged offense," while "'sexual predisposition' refers to a victim's mode of dress, speech, or lifestyle . . . that may have a sexual connotation for the fact finder." Mil. R. Evid. 412(d). The intent of the rule is to "shield victims of sexual assaults from the often embarrassing and degrading cross-examination and evidence presentations common to sexual offense prosecutions." *Ellerbrock*, 70 M.J. at 318. (alteration and citation omitted).

One exception to this Rule is when exclusion of the evidence would violate an accused's constitutional rights. Mil. R. Evid. 412(b)(3). In order to show that the exclusion of evidence would violate an accused's constitutional rights, the accused must show that the evidence is relevant, material, and favorable to his defense, "and thus whether it is necessary." *Banker*, 60 M.J. at 222 (internal quotation marks and citation omitted). The term "favorable" means the evidence is "vital." *United States v. Smith*, 68 M.J. 445, 448 (C.A.A.F. 2010) (citations omitted). It is the defense's burden to demonstrate an exception applies. *Banker*, 60 M.J. at 223 (citations omitted).

Evidence falling under the Mil. R. Evid. 412(b)(3) exception is not weighed against a victim's privacy and is instead only analyzed under Mil. R. Evid. 403; that is, a military judge determines whether the probative value of such evidence outweighs the danger of unfair prejudice. Mil. R. Evid. 412(c)(3). Evidence challenging the credibility of key government witnesses may fall under this exception. *See, e.g., United States v. Williams*, 37 M.J. 352, 360–61 (C.M.A.

1993). "If after the application of [Mil. R. Evid.] 403 factors the military judge determines the probative value of the proffered evidence outweighs the danger of unfair prejudice, it is admissible no matter how embarrassing it might be to the alleged victim." *Gaddis*, 70 M.J. at 256.

## B. Analysis

### 1. Jurisdiction

The initial question we must answer is whether this court has jurisdiction to hear the instant petition; *i.e.*, whether an alleged victim has the right to petition this court for issuance of a writ related to a military judge's ruling under Mil R. Evid. 412. Considering the plain language of Article 6b(e)(4)(C), UCMJ, we find that the Petitioner has met her burden to demonstrate this court has jurisdiction to adjudicate the merits of her petition. *See Hasan*, 71 M.J. at 418.

Petitioner is also requesting review under Article 6b(e)(4)(A), UCMJ, related to her "right to be treated with fairness and with respect for her dignity and privacy." We note that Article 6b(e)(4)(A), UCMJ, provides that the "right to petition the Court of Criminal Appeals for a writ of mandamus applies with respect to protections afforded by Article 6b, UCMJ." *In re MW*, Misc. Dkt. Nos. 2022-09, 2022-10, 2022-15, 2023 CCA LEXIS 57, at \*20–21 (A.F. Ct. Crim. App. 3 Feb. 2023) (unpub. op.). Since the Petitioner has alleged an alternate basis for jurisdiction clearly contemplated by the statute, we find that Petitioner also met her burden to demonstrate this court has jurisdiction to adjudicate the merits of the petition pursuant to Article 6b(e)(4)(A), UCMJ.[6]

### 2. Merits of the Petition

Before this court, Petitioner argues the military judge violated her right to be "treated with fairness and with respect for her dignity and privacy" under Article 6b(a)(9), UCMJ, by: (1) granting "admissibility of evidence pursuant to Mil R. Evid. 412" by "reaching a conclusion inconsistent with the evidence before the court," and (2) "by failing to employ the Mil. R. Evid. 412 balancing test as stated by [*Ellerbrock*, 70 M.J. at 318.]"

We have carefully considered Petitioner's claims. We find Petitioner has failed to show that in this instance her right to issuance of the writ is clear and

---

[6] To be clear, a Petitioner could file a petition generally under Article 6b(e)(4)(A), UCMJ, related to his or her "right to be treated with fairness and with respect for her dignity and privacy." That said, the issue before us in this petition is a question of the military judge's Mil. R. Evid. 412 ruling, and we address that question under that express provision of Article 6b(e)(4)(C), UCMJ.

indisputable and that the issuance of the writ is appropriate under the circumstances. *See Hasan*, 71 M.J. at 418.

First, Petitioner has provided no binding authority for us to conclude the military judge's application of Mil. R. Evid. 412 was erroneous such that it is clear and indisputable that a writ should issue. Petitioner has a right to be reasonably heard on this evidence at trial, and the record shows the military judge properly gave her this right and considered her position, as well as the parties, prior to making his ruling.

Petitioner alleges the military judge acted outside his discretion or came to an inconsistent conclusion, but the record does not support such a finding. The record also does not support that the military judge made "more than even gross error" amounting "to a judicial usurpation of power" or "characteristic of an erroneous practice which is likely to recur" as is required for the writ to issue. *In re KK*, 84 M.J. at 667 (citation omitted). Petitioner does not now clearly show how the military judge's findings of fact or conclusions of law were inconsistent with the evidence. The record shows the military judge relied on cases provided by both trial defense counsel and Petitioner at trial, carefully considered and found facts by a preponderance of the evidence supported by the record and ruled narrowly within the scope of Mil. R. Evid. 412—even more narrowly than was originally requested by the RPI. We find the military judge's findings of fact and conclusions of law were not clearly or indisputably outside of his authority or discretion.[7]

Finally, we note the RPI has an opportunity to present constitutionally required information to the trier of fact if a military judge determines he has satisfied the requirements of Mil. Rul. Evid. 412(b)(3) and balanced that finding only under Mil. R. Evid 403. Ultimately, the military judge determined that the RPI has met his burden for limited inclusion of the rumor evidence and other sexual acts incident under this provision. Because the military judge found RPI met his burden, the military judge was permitted to find that the information requested was relevant and necessary for the Defense's case, and the military judge balanced any potential prejudice against the probative value deciding the scales tipped in favor of inclusion. We note that when the issue is constitutional, the miliary judge need not balance Petitioner's privacy interest or potential embarrassment which appears to be Petitioner's main concern now. Understanding the details of the evidence in question are sensitive, the law followed by the military judge properly allows the concerns of Petitioner to

---

[7] To the extent Petitioner seeks clarification on the left and right limits of his ruling, nothing in this petition prohibits Petitioner from seeking this clarification from the miliary judge. Such need for clarity, however, is not a basis for this court to vacate the ruling entirely or find error in the ruling at the standard required for a writ to issue.

be balanced against the RPI's interests and tip in favor of the RPI and inclusion.

Petitioner has not demonstrated the right to the issuance of the writ she seeks is clear and indisputable, and he has therefore failed to show the appropriateness of the requested relief.

### III. CONCLUSION

Petitioner's Petition for Extraordinary Relief in the form of a Writ of Mandamus under Article 6b, UCMJ, 10 U.S.C. § 806b, dated 5 May 2025, is **DENIED**.



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court