*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

————————

**UNITED STATES**
Appellee

**v.**

**Sean R. ERIKSON, Specialist**
United States Army, Appellant

**No. 16-0705**
Crim. App. No. 20150130

Argued March 1, 2017—Decided May 9, 2017

Military Judge: Andrew Glass

For Appellant: *Captain Matthew D. Bernstein* (argued); *Lieutenant Colonel Christopher Daniel Carrier* and *Major Andres Vazquez Jr.* (on brief); *Lieutenant Colonel Melissa R. Covolesky* and *Captain Joshua B. Fix.*

For Appellee: *Captain John M. Gardella* (argued); *Colonel Mark H. Sydenham, Lieutenant Colonel A. G. Courie III,* and *Major Cormac M. Smith* (on brief).

Judge OHLSON delivered the opinion of the Court, in which Chief Judge ERDMANN, and Judges STUCKY, RYAN, and SPARKS, joined.

————————

Judge OHLSON delivered the opinion of the Court.

Contrary to his pleas, Appellant was convicted by a general court-martial composed of officer and enlisted members of two specifications of sexual assault and one specification of adultery in violation of Articles 120 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 934 (2012). The specifications were merged for sentencing purposes and Appellant was sentenced to a bad-conduct discharge, confinement for three years, and reduction in grade to E-1. The convening authority disapproved and dismissed one specification of sexual assault, but approved the sentence as adjudged. The United States Army Court of Criminal Appeals (CCA) summarily affirmed the findings and sentence.

We granted review of the following issue personally asserted by Appellant:[1]

> Whether the military judge erred in excluding evidence that the victim previously made a false accusation of sexual contact against another soldier.

*United States v. Erikson*, 75 M.J. 465, 465–67 (C.A.A.F. 2016).

We conclude that Appellant failed to carry his burden of demonstrating that a prior accusation of sexual assault made by the victim against a different soldier was false. We further conclude that the military judge correctly applied the law in not admitting evidence of that accusation. We therefore hold that the military judge did not abuse his discretion in the instant case and we affirm the decision of the CCA.

## I. Background

A. Events Leading to the Charges in this Case

On June 20, 2014, Appellant and the victim, Specialist (SPC) BG, shared two bottles of vodka with three other individuals—Mr. F, Private First Class (PFC) F, and PFC W—after working at the dining facility during a field exercise at Yakima Training Center, Washington. After about an hour, SPC BG announced to everyone that she was drunk, and she then departed the dining facility to go sleep in her barracks. PFC F and PFC W both testified that SPC BG appeared intoxicated. Once at the barracks, SPC BG called her ex-boyfriend before she passed out in bed. Mr. F testified that he, Appellant, and PFC W went to SPC BG's barracks room to ask her to return to the party. They found SPC BG in bed

---

[1] *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We also granted review of two issues related to two judges sitting simultaneously on the CCA and United States Court of Military Commission Review (USCMCR). In *United States v. Ortiz*, we held that the appellate military judge was statutorily authorized to sit on the CCA and his presidential appointment to sit on the USCMCR did not violate the Appointments Clause with regard to his status on the CCA. 76 M.J. ___ (C.A.A.F. 2017). Therefore, we answer Appellant's two *Grostefon* issues in the negative and affirm the CCA's decision accordingly.

and she did not respond when they tried to rouse her by shaking her and talking to her.

SPC BG testified that she awoke some time later and discovered that Appellant was "penetrating" her. She lost consciousness and then awoke a few moments later to realize Appellant was performing oral sex on her. SPC BG pulled Appellant's hair, kicked him off of her, and ran to the opposite end of the barracks where she called her then-boyfriend, now-husband. Her first words to her boyfriend were, "I woke up and he was inside me." SPC BG returned to her sleeping area and told Appellant to leave, after which she passed out while still on the phone.

The next day, SPC BG talked to PFC F about what had happened the night before. While crying, SPC BG told PFC F that she woke up during the night and found Appellant on top of her. In turn, PFC F then told SPC BG that Appellant had said that he went to check on SPC BG the previous night, whereupon SPC BG grabbed Appellant and they had sex. About fifteen or twenty minutes after ending her conversation with PFC F, SPC BG called her command sexual assault representative and reported that she had been assaulted.

B. PFC W's Testimony

At trial, SPC BG's recitation of the events conflicted with the testimony of PFC W who lived adjacent to SPC BG in the barracks. PFC W said that soon after SPC BG left the dining facility where the group of soldiers had been drinking, she also returned to the barracks and went to bed. She awoke when Mr. F came to her room to sleep on her floor. However, PFC W could not fall back asleep because she heard moaning from SPC BG's sleeping area and could hear SPC BG making affirmative and encouraging statements indicative of consensual sexual activity. PFC W testified that she then saw SPC BG stumble down the hall to the bathroom before returning to her sleeping area and starting a movie on her laptop a few minutes later. PFC W further testified that she later heard SPC BG say to someone, "Get up" and "Get dressed," but PFC W heard no response. PFC W then heard SPC BG say to someone, "If you tell anybody this happened I will tell them you have a small dick." PFC

W then saw Appellant leave SPC BG's room and walk down the hall, and she heard SPC BG whispering on the phone.

Appellant did not testify at his court-martial.

C. Appellant's Motion to Admit Evidence at Trial

The defense moved pretrial to admit evidence that a prior accusation of sexual assault that SPC BG made against another soldier was false. As evidence of the falsity of this prior accusation, the defense primarily cited the acquittal of the other soldier at a summary court-martial. The defense argued that this evidence "provides evidence of [SPC BG's] modus operandi, or her plan, or her pattern, of why and how she accuses other men of assaulting her even when untrue." Specifically, the defense asserted that in both instances the victim falsely accused a fellow soldier of sexual assault in order to gain sympathy from a boyfriend and to thereby mend their rocky relationship. The military judge convened a closed Article 39(a), UCMJ, § 10 U.S.C. 839(a) (2012), session to hear the defense's argument, the Government's response, and testimony on the matter.

The military judge ultimately denied the defense motion, finding that the prior accusation of sexual assault was not admissible under Military Rule of Evidence (M.R.E.) 412 or any other rule. The military judge ruled that the prior accusation was not proven false, even though the accused was acquitted by summary court-martial:

> Parties offering evidence of other allegations of sexual assault against third parties to challenge the credibility of the victim must establish the falsity of the prior complaint. *See e.g.* [sic] [*United States v. Velez*, 48 M.J. 220, 227 (C.A.A.F. 1998)]. The defense has failed to do so in this case. Having observed the demeanor, conduct, mannerisms, and deportment during their testimony, I find [SPC BG] to be more credible than [the prior accused] on this issue. Even if the allegations are classified as unfounded by a third party agency, that does not equate to recanted or demonstratively false allegation.

(Citation omitted.)

## II. Applicable Legal Principles

A. Standard of Review

We review a military judge's decision to admit or exclude evidence for an abuse of discretion. *United States v. Olson*, 74 M.J. 132, 134 (C.A.A.F. 2015) (citation omitted). "A military judge abuses his discretion if his findings of fact are clearly erroneous or his conclusions of law are incorrect." *Id.* (internal quotation marks omitted) (citation omitted); *see also United States v. Ellerbrock*, 70 M.J. 314, 317 (C.A.A.F. 2011) ("Findings of fact are reviewed under a clearly erroneous standard and conclusions of law are reviewed de novo."). We have previously stated that the abuse of discretion standard is strict, "calling for more than a mere difference of opinion. The challenged action must be arbitrary, fanciful, clearly unreasonable, or clearly erroneous." *United States v. McElhaney*, 54 M.J. 120, 130 (C.A.A.F. 2000) (internal quotation marks omitted) (citations omitted).

B. Right to Confrontation

"In all criminal prosecutions, the accused shall enjoy the right … to be confronted with the witnesses against him." U.S. Const. amend. VI; *see McElhaney*, 54 M.J. at 129. "The right to confrontation includes the right of a military accused to cross-examine adverse witnesses." *United States v. Smith*, 68 M.J. 445, 447 (C.A.A.F. 2010). "Uncovering and presenting to court members 'a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross examination.'" *Id.* (quoting *Davis v. Alaska*, 415 U.S. 308, 316 (1974)). "A limitation on an accused's presentation of evidence related to issues such as bias or motive to fabricate may violate an accused's right to confront witnesses." *United States v. Gaddis*, 70 M.J. 248, 256 (C.A.A.F. 2011).

However, "[w]hile the right to cross-examination is broad, it is not unlimited in scope; nor can it be conducted without due regard for applicable rules of evidence." *Velez*, 48 M.J. at 226 (citing *Davis*, 415 U.S. at 308). The scope of cross-examination is limited to "the subject matter of the direct examination and matters affecting the credibility of the witness." *McElhaney*, 54 M.J. at 129 (internal quotation marks omitted) (citation omitted). Further, a military judge

5

has "broad discretion to impose reasonable limitations on cross-examination, 'based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.'" *McElhaney*, 54 M.J. at 129 (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)).

C. Applicable M.R.E.s

Evidence of an alleged victim's prior accusation of sexual assault is only admissible if the prior accusation is shown to be false. This is true whether the defense seeks to introduce the evidence as an exception to M.R.E 412, or to show the alleged victim's modus operandi, motive, or character evidence for lack of truthfulness. *See Velez*, 48 M.J. at 226–27; *see also McElhaney*, 54 M.J. at 127.

In the instant case, the parties analyze this issue primarily through the prism of M.R.E. 412.[2]

> M.R.E. 412 states that evidence offered by the accused to prove the alleged victim's sexual predispositions, or that she engaged in other sexual behavior, is inadmissible except in limited contexts. The rule is intended to shield victims of sexual assaults from the often embarrassing and degrading cross-examination and evidence presentations common to [sexual offense prosecutions].

*Ellerbrock*, 70 M.J. at 317–18 (alteration in original) (footnote omitted) (internal quotation marks omitted) (citation omitted) (citing *Gaddis*, 70 M.J. at 252) (quoting *Manual for Courts-Martial, United States,* Analysis of the Military Rules of Evidence app. 22 at A22–35 (2008 ed.) (*MCM*) [hereinafter Drafters' Analysis]).

One of the exceptions to the general rule outlined in M.R.E. 412 is that evidence offered by the accused to prove that the alleged victim engaged in other sexual behavior, or to prove the alleged victim's sexual predisposition, may be admissible at trial if necessary to protect an accused's Sixth

---

[2] We question whether M.R.E. 412 actually applies in this case. We fail to see how the sexual assault of a victim relates to that victim's "sexual behavior" or "sexual predisposition." However, because the parties analyze this case in the M.R.E. 412 context, we preliminarily do so also.

Amendment right to confrontation. *Ellerbrock*, 70 M.J. at 318; *see* M.R.E. 412(b)(1)(C).

However, an accused bears the burden of demonstrating that he is entitled to this exception under M.R.E. 412(b)(1)(C). As this Court has noted:

> Appellant has the burden under M.R.E. 412 of establishing his entitlement to any exception to the prohibition on the admission of evidence offered to prove that any alleged victim engaged in other sexual conduct. To establish that the excluded evidence would violate the constitutional rights of the accused, an accused must demonstrate that the evidence is relevant,[3] material,[4] and favorable to his defense, and thus whether it is necessary. The term "favorable" as used in both Supreme Court and military precedent is synonymous with "vital."

*Smith*, 68 M.J. at 448 (footnotes added) (internal quotation marks omitted) (citations omitted).

The Drafters' Analysis of M.R.E. 412 states that: "Evidence of past false complaints of sexual offenses by an alleged victim of a sexual offense is not within the scope of this rule and is not objectionable when otherwise admissible." Drafters' Analysis app. 22 at A22–41 (*MCM* Supp. 2012 ed.).

Consistent with this principle, in *McElhaney* we upheld a military judge's ruling prohibiting defense counsel from calling a witness to testify that the victim's prior accusation was false, because "defense counsel proffered no evidence showing the complaint to be false, other than the unsurprising denial by [the accused]." 54 M.J. at 130.

---

[3] "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." M.R.E. 401 (*MCM* 2012 ed.); *see Ellerbrock*, 70 M.J. at 318.

[4] Determining whether evidence is material requires a multi-factored test looking at "the importance of the issue for which the evidence was offered in relation to the other issues in this case; the extent to which the issue is in dispute; and the nature of the other evidence in the case pertaining to th[at] issue." *Ellerbrock*, 70 M.J. at 318 (internal quotation marks omitted) (citations omitted).

### III. Discussion

In light of the above, it is clear that a foundational question in this case is the following: Did the defense meet its burden of demonstrating that the victim's prior allegation of sexual assault was false?[5] The answer, we conclude, is "No." And, we hold, this conclusion is dispositive of the granted issue in this case.

At trial, Appellant was required to establish the falsity of SPC BG's previous sexual assault accusation in order for it to be admissible under an M.R.E. 412 exception *or* for it to be admissible under any other rationale such as evidence of a modus operandi, motive, or character evidence for lack of truthfulness. *See Velez*, 48 M.J. at 226–27; *see also McElhaney*, 54 M.J. at 127.

In carefully assessing that issue, the military judge convened an Article 39(a), UCMJ, session and heard testimony from SPC BG, the prior accused, and other witnesses. The military judge then placed his findings of fact and conclusions of law on the record (appropriately under seal) allowing thorough appellate review.

The evidence presented by defense counsel to establish the falsity of the prior accusation consisted of: (1) a summary court-martial acquittal; (2) the prior accused's testimony denying the assault; and (3) the testimony of a person who was present in the room at the time of the alleged incident and who denied seeing any sexual assault occur.[6] In contrast, SPC BG testified before the military judge and denied that the prior accusation was false and denied fabricating the incident.

The military judge was in the best position to determine the credibility of these witnesses, and there is no evidence before this Court to suggest that his conclusion that SPC BG

---

[5] Notably, defense counsel conceded at trial that "it is a necessary predicate that the court believe that it is a false accusation under the case law for [defense counsel] to be able to elicit" that evidence.

[6] The military judge found that this person was not in a position where he could have seen the alleged prior sexual assault.

was more credible than the prior accused was clearly erroneous. *See Olson*, 74 M.J. at 134.

Upon a de novo review of the military judge's finding that Appellant did not meet his burden of proving that the prior sexual assault accusation was false, we conclude that the military judge properly stated and considered the law and did not err. First, the military judge was correct in concluding that the summary court-martial acquittal regarding the victim's prior allegation of sexual assault was not dispositive of the falsity of the allegation. Second, he was correct in concluding that the denial by the prior accused was no more persuasive here than in *McElhaney*. And third, the military judge did not abuse his discretion in finding that SPC BG was more credible than the witnesses who testified on behalf of the defense. Therefore, because the military judge correctly concluded that SPC BG's prior sexual assault accusation was not proven false, we hold that he did not err in ruling that this evidence was not admissible at trial.[7]

## IV. Decision

The decision of the United States Army Court of Criminal Appeals is affirmed.

---

[7] We note that in the course of the trial, Appellant was able to address SPC BG's truthfulness and motive to lie through cross-examination.