CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist TERENCE K. TAYLOR, JR.,**
**United States Army, Appellant**

ARMY 20160744

Headquarters, 25th Infantry Division
Mark A. Bridges, Military Judge
Colonel Ian R. Iverson, Staff Judge Advocate

For Appellant: Captain Heather M. Martin, JA (argued)[1];Lieutenant Colonel Christopher D. Carrier, JA; Major Brendan R. Cronin, JA; Captain Cody Cheek, JA (on brief).

For Appellee:  Captain Joshua B. Banister, JA (argued)[2]; Lieutenant Colonel Eric K. Stafford, JA; Captain Austin Fenwick, JA; Captain KJ Harris, JA (on brief).

16 October 2018

--------------------------------
MEMORANDUM OPINION
--------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

FEBBO, Judge:

Appellant invites us to hold that Military Rule Evidence (Mil. R. Evid.) 412, sometimes referred to as the "rape shield" rule, does not apply to evidence of a prior sexual assault of an alleged sexual assault victim when that victim was three years' old.  We disagree, and affirm appellant's conviction and sentence.  The military

---

[1] Corrected
[2] Corrected

judge was correctly skeptical of repeated defense efforts to introduce evidence of prior sexual assaults when the theory of relevance proffered by the defense did not require any such evidence. In a related issue, we agree with appellant that Mil. R. Evid. 412 does not apply to evidence that two non-victim witnesses were also prior victims of sexual assault. Nevertheless, the military judge did not abuse his discretion when he excluded such evidence for lack of relevance.

A panel with enlisted representation, sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of sexual abuse of a child, in violation of Article 120b, Uniform Code of Military Justice, 10 U.S.C. § 920b (2012) [UCMJ]. The panel acquitted appellant of four other specifications alleging violations of Articles 120 and 120b, UCMJ. The panel sentenced appellant to a bad-conduct discharge, forty-five days' restriction to the limits of Schofield Barracks, forfeiture of $1,566.90 pay per month for one month, and reduction to the grade of E-1. The convening authority approved the bad-conduct discharge, forfeiture of $1,566.90 pay per month for one month, and reduction to the grade of E-1. Appellant's case is now before this court for review under Article 66, UCMJ. Appellant raises a single assignment of error.

Appellant argues the military judge abused his discretion by excluding evidence under Mil. R. Evid. 412. At trial, appellant sought to offer evidence the child-victim's mother believed the child was sexually assaulted by another person when she was three years old. Appellant argues this evidence was offered to show that the child's mother was hyper-vigilant to issues of sexual abuse and was likely to see sexual abuse in circumstances where it did not happen. Appellant further argues such testimony does not fall within the ambit of Mil. R. Evid. 412. Appellant's argument is based on the theory that the mother's belief was offered neither to show the sexual predisposition of the child, nor to show the child engaged in other sexual behavior.

Under the facts of this case, we find the military judge properly excluded evidence about the mother's belief her child was previously molested. The child's prior sexual assault and her mother's knowledge about that sexual assault were within the scope of Mil. R. Evid. 412. The purpose and scope of Mil. R. Evid. 412 and Court of Appeals for the Armed Forces (CAAF) precedent support this conclusion.

Appellant also argues that two fact witnesses' past reports of sexual assault were outside scope of Mil. R. Evid. 412. As the witnesses' past sexual assaults were not offered to prove the alleged victim engaged in other sexual behavior or her sexual disposition, we agree this evidence was not within the scope of the rule. Nevertheless, the military judge did not abuse his discretion by excluding evidence of the witnesses' own sexual assaults because such evidence was not relevant under

Mil. R. Evid. 401 and it's probative value was outweighed by the danger of confusing the issues under Mil. R. Evid. 403.

## BACKGROUND

### A. The Basis of Appellant's Conviction

Appellant was married to a fellow solider and they were stationed with their family in Hawaii. His spouse, Specialist (SPC) HT, had a daughter, NR, from a prior relationship. In December 2014, NR was 10 years old. One evening, appellant and his step-daughter were watching a movie in the master bedroom. Her mother and the other children were in other rooms.

Specialist HT heard a loud noise from the master bedroom and went to investigate.[3] Upon entering, SPC HT thought something was wrong. According to her, appellant had a strange look on his face similar to when a teenager is caught in the act of misconduct. She observed appellant immediately proceed to the adjacent bathroom without making any comments. Specialist HT observed her daughter under the bed covers with a scared look on her face. Specialist HT went to her daughter, pulled down the sheets, and noticed NR's pajama pants were folded inwards. Specialist HT became suspicious and asked if appellant had touched her inappropriately. NR responded, "Yes, momma, I am so sorry. I know you love him." NR did not give any further details about the touching at that time. Specialist HT told her daughter to lock herself behind a bedroom door and not to open it for anyone. Appellant attempted to enter the bedroom several times but NR kept the door locked. Without confronting appellant about her suspicions, SPC HT called the police and reported a "possible child molestation."

The military police arrived at the on-post residence and arrested appellant, but did not tell him about the allegations. Appellant made a spontaneous statement to the effect of, "I know why you guys are here and I take fully responsibility for my actions . . . Bro, just grab my 9-mil, and just shoot me in the face right now." Appellant had been drinking alcohol and later told law enforcement he could not remember anything from that evening. NR later explained that while they were in the master bedroom watching a movie appellant had rubbed her inner thigh and breasts with his hands and tried to pull down her pajamas.

---

[3] There was conflicting testimony about what caused the loud noise and whether it was before or after SPC HT entered the room. Regardless, of what prompted SPC HT to enter the room, there were no substantive differences between NR and SPC HT's testimony about appellant's actions after SPC HT entered the room.

*B. Appellant's First Mil. R. Evid. 412 Motion*

Before trial, defense counsel filed a motion under Mil. R. Evid. 412 requesting to admit evidence NR was sexually assaulted by two other male family members who lived outside the home when she was three years' old.[4]  Appellant argued that the past sexual abuse had similarities with the allegations against appellant.  Defense counsel argued two theories of admissibility:  (1) memory transference, where NR was confused by the identity of the alleged perpetrator; or (2) that NR's mother was the driving force and impetus for the allegations.  Defense counsel suggested SPC HT coached NR about the molestation allegations since she was hypersensitive to a previous history of possible sexual abuse against NR.  Defense counsel did not argue any alternate theories of admissibility or suggest that the prior sexual assault allegation was false.

The motions hearing included testimony from SPC HT, NR, and a child forensic psychologist.  Specialist HT testified that after NR visited two family members, she exhibited non-age appropriate sexual behavior and language that led to her suspecting her daughter was molested.  NR denied remembering anyone touching her inappropriately when she was three years old.  She denied any memory of the two family members ever touching her inappropriately.  The defense expert testified some child victims of sexual abuse – who suffer from PTSD, flashbacks, low IQ, suggestibility, or anxiety- could experience mistaken identity or confabulation of memories.

The military judge denied the defense motion to admit evidence of NR's sexual abuse when she was three years old.  The military judge ruled that the evidence fell within Mil R. Evid. 412 and concluded "(1) the proffered evidence is too remote in time and unrelated to the charges against the accused to be relevant, and (2) the defense has failed to establish that the theory of 'transference' has any application to this case."  Defense counsel argued that the probative value of the evidence – which formed the "entire basis" of appellant's defense outweighed the danger of unfair prejudice to NR's privacy.  The military judge concluded the opposite and explained, "[s]tating a theory related to a possible defense, without any evidence to support it, does not establish relevance."

*C. Appellant's Second Motion to Admit NR's Prior Sexual Assault*

---

[4] The allegations were investigated by Child Protective Services.  CPS issued a report indicating NR may have been sexually abused but no charges were filled.

After the military judge's ruling, appellant hired a civilian defense counsel. Appellant's new defense counsel filed a motion to get a preliminary ruling on the admissibility of evidence.[5] Defense counsel argued that they did not want to introduce that NR was *actually* molested as a child. Instead, without introducing details of the allegations, they wanted to introduce evidence that NR's mother *thought* her daughter was molested when she was younger and took her daughter to a doctor. The military judge indicated that he thought the defense counsel was merely re-raising an issue that had already been litigated and just putting "a different spin" on the same information they wanted to introduce into evidence.

Defense argued that the evidence was admissible to show that SPC HT planted the idea that NR was molested and NR only admitted to being molested after SPC HT repeatedly asked her about being sexually assaulted by appellant. The defense argued that the evidence was outside the scope of Mil. R. Evid. 412 and was not offered to prove the alleged victim's sexual behavior or predisposition. Instead, appellant's theory was SPC HT was overly protective, which made her more likely to, intentionally or unintentionally, put ideas about sexual abuse into NR's head.

The military judge again concluded that the prior sexual abuse of NR was not relevant. The military judge explained that the defense could still introduce their theory of the case without delving into NR's past history of sexual abuse. The military judge explained he would not limit defense counsel to any questions about SPC HT suggesting or putting ideas into the head of NR about the alleged sexual abuse by appellant. The military judge again ruled that Mil. R. Evid. 412 applied to prohibit evidence of NR's past sexual abuse and SPC HT's belief therein.

### D. Cross-Examination of SPC HT at Trial

At trial, during an Article 39a session, the defense counsel informed the military judge that he intended to elicit from SPC HT that she and her mother—NR's grandmother—were allegedly sexually abused as children. Appellant argued that the questions were relevant to show SPC HT was hyper-vigilant about child sexual abuse and this caused NR to lie and exaggerate the allegations against appellant. The military judge disagreed. He concluded the proffered evidence was not relevant, and prohibited appellant from questioning SPC HT or NR's grandmother about their own history of sexual assault.

After the 39a session, during SPC HT's cross-examination, the defense counsel asked SPC HT if she and her mother were sexually abused as children. After a sustained government objection, the military judge called for another 39a

---

[5] The motion included essentially the same facts, witnesses, and enclosures from the Mil. R. Evid. 412 motion.

session. The military judge informed the defense counsel that his ruling was clear and he did not believe defense counsel misunderstood his ruling that the evidence was not relevant.[6]

Appellant continued to cross-examine SPC HT about her alleged hypervigilance, and suggested she jumped to false conclusions about NR being sexually abused. During closing arguments, appellant argued that SPC HT incorrectly assumed appellant touched NR inappropriately. Appellant further argued there was reasonable doubt that SPC HT caused her daughter to lie or exaggerate the allegations. The panel acquitted appellant of four other specifications of sexual abuse of NR, and found appellant guilty of a single specification of committing a lewd act upon her.

## LAW AND DISCUSSION

"We review the military judge's ruling on whether to exclude evidence pursuant to [Mil. R. Evid.] 412 for an abuse of discretion. Findings of fact are reviewed under a clearly erroneous standard and conclusions of law are reviewed de novo." *United States v. Ellerbrock*, 70 M.J. 314, 317 (C.A.A.F. 2011) (citation omitted).

Military Rule of Evidence 412 "is intended to 'shield victims of sexual assaults from the often embarrassing and degrading cross-examination and evidence presentations common to sexual offense prosecutions.'" *United States v. Gaddis*, 70 M.J. 248, 252 (C.A.A.F. 2011) (quoting *Manual for Courts-Martial, United States*, Analysis of the Military Rules of Evidence, A22-35 (2008 ed.)) (alteration omitted).

To effectuate its intent, Mil. R. Evid. 412 prohibits the use of two types of evidence in trials involving an alleged sexual offense:

> (1) Evidence offered to prove that any alleged victim engaged in other sexual behavior.

> (2) Evidence offered to prove any alleged victim's sexual predisposition.

---

[6] This exchange underscores a fact well-known to many trial judges: Sometimes, the reason a party states for offering evidence is not the only reason that party wants the evidence admitted. Even when the stated reason for offering evidence is satisfied by offering slightly different evidence, or a more limited form of the evidence, parties will sometimes persist in attempting to offer excluded evidence for an unstated reason that is not allowed under the rules.

Mil. R. Evid. 412(a).

The threshold question, for Mil. R. Evid. 412 analysis, therefore, is whether the evidence in question falls under either of the two categories in Mil. R. Evid. 412(a).

For example, evidence of sexual behavior that is inextricably intertwined with the charged sexual misconduct does not fall under the prohibition of Mil. R. Evid. 412 because it is not "*other* sexual behavior." Such inextricably intertwined behavior is part of the *res gestae* of the alleged offense. *See United States v. Gaddy*, 2017 CCA LEXIS 179, at *6 (Army Ct. Crim. App. 20 Mar. 2017).

If a court finds the evidence in question falls within at least one of the two categories from Mil. R. Evid. 412(a), it then must determine whether an exception applies.

There are three exceptions to Mil. R. Evid. 412(a):

> (A) evidence of specific instances of sexual behavior by the alleged victim offered to prove that a person other than the accused was the source of semen, injury, or other physical evidence.
>
> (B) evidence of specific instances of sexual behavior by the alleged victim with respect to the person accused of the sexual misconduct offered by the accused to prove consent or by the prosecution; and
>
> (C) evidence the exclusion of which would violate the constitutional rights of the accused.

Mil. R. Evid. 412(b)(1). The only exception potentially relevant to this case is Mil. R. Evid. (b)(1)(C)—the constitutional exception.

> [W]hether evidence is constitutionally required—so as to meet the [Mil. R. Evid.] 412(b)(1)(C) exception to [Mil. R. Evid.] 412's general prohibition of sexual behavior or predisposition evidence—demands the ordinary contextual inquiry and balancing of countervailing interests, e.g., probative value and the right to expose a witness's motivation in testifying versus the danger of "harassment, prejudice, confusion of the issues, the witness' safety, or evidence that is repetitive or only marginally relevant."

*Gaddis*, 70 M.J. at 252 (quoting *Delaware v. Van Arsdale*, 475 U.S. 673, 679 (1986) (alteration omitted).

Mil. R. Evid. 412(c)(3) directs that, if a military judge finds proffered evidence falls under one of the three subsections of Mil. R. Evid. 412(b)(1), the military judge will then balance the probative value of such evidence against "the danger of unfair prejudice to the alleged victim's privacy." Mil. R. Evid. 412(c)(3). The CAAF has clarified that Mil. R. Evid. 412 "cannot limit the introduction of evidence required by the Constitution—although the text of the rule seems to permit such a limitation." *Gaddis*, 70 M.J. at 256.[7]

"If after application of [Mil. R. Evid.] 403 factors the military judge determines that the probative value of the proffered evidence outweighs the danger of unfair prejudice, it is admissible no matter how embarrassing it might be to the alleged victim." *Id.* The inverse is also true: "Likewise, if a military judge determines that the evidence is not constitutionally required, the military judge must exclude the evidence under [Mil. R. Evid.] 412—regardless of how minimal the alleged victim's privacy interest might be—because it does not fall under an exception to the general rule of exclusion." *Id.*

Our sister court has explained the balancing test in light of *Gaddis*, as follows: "The test is whether the evidence is 'relevant, material, and the probative value of the evidence outweighs the dangers of unfair prejudice.'" *United States v. Bishop*, 76 M.J. 627, 639 (A.F. Ct. Crim. App. 2017) ( quoting *Ellerbrock*, 70 M.J. at 318. "Relevant evidence is any evidence that has 'any tendency to make the existence of any fact . . . more probable or less probable than it would be without the evidence.'" *Id.* (quoting Mil. R. Evid. 401) (alteration original). "Evidence is material if it is 'of consequence to the determination of [the] appellant's guilt.'" *Id.* (quoting *United States v. Dorsey*, 16 M.J. 1, 6 (C.M.A. 1983) (alteration original).

*A. Appellant's Arguments on Appeal*

Appellant has abandoned his initial trial argument that evidence of NR's prior sexual abuse was constitutionally required to show memory transfer. Instead, appellant challenges the military judge's exclusion of evidence that SPC HT *believed* NR was previously abused sexually.

---

[7] Mil. R. Evid. 412(c) also contains the procedure for moving for the admission of evidence subject to Mil. R. Evid. 412(a). That procedure is not at issue in this case.

Appellant asserts evidence of SPC HT's belief should have been admitted under two theories:  First, appellant argues the evidence fell outside the scope of Mil. R. Evid. 412 because it was not offered to show NR engaged in other sexual behavior and was not evidence of NR's sexual predisposition.  Second, appellant asserts[8] that even if the evidence was within the scope of Mil. R. Evid. 412(a), the evidence was constitutionally required.

### B. The Scope of Mil. R. Evid. 412

In support of the first theory of admissibility, appellant essentially argues that being a victim of sexual assault does not implicate any "sexual behavior" or "sexual predisposition" of the victim.  Thus, appellant argues, the fact someone was sexually assaulted is not protected by Mil. R. Evid. 412.[9]

Appellant places much weight on dicta in a footnote to *United States v. Erikson*, 76 M.J. 231 (C.A.A.F. 2016).  In *Erikson*, the CAAF questioned whether Mil. R. Evid. 412 applies to evidence of prior sexual assaults against the same alleged victim, stating: "We fail to see how the sexual assault of a victim relates to that victim's 'sexual behavior' or 'sexual predisposition.'"  *Id.* at 235 n.2.  According to appellant, the CAAF's footnote is dispositive on the issue of whether NR's prior sexual assault is subject to exclusion under Mil. R. Evid. 412.  We disagree for three reasons.

First, CAAF's footnote in *Erikson* is dicta. The underlying question in *Erikson* was whether a military judge erred by denying the admission of evidence the victim in that case made a prior *false* report of sexual assault.  On appeal, Erickson and the government agreed the evidence fell within the scope of Mil. R. Evid. 412(a), and the issue reviewed by our superior court was whether an exception under Mil. R. Evid. 412(b) applied.

Second, in *Erikson*, The CAAF held, "Evidence of an alleged victim's prior accusation of sexual assault is only admissible if the prior accusation is shown to be false."  *Id.* at 234.  "This is true whether the defense seeks to introduce the evidence as an exception to [Mil. R. Evid.] 412, or to show the alleged victim's modus operandi, motive, or character evidence for lack of truthfulness." *Id.*  (citations

---

[8] In a footnote.

[9] Both the Advisory Committee Notes to the 1994 amendments, and Mil. R. Evid. 412 analysis at A22-41, contain statements that evidence of past *false* allegations of sexual assault are outside the scope of the rule.  If, as appellant suggests, *all* past allegations are outside the scope of the rule, the distinction between true and false allegations would be superfluous.

omitted). In this case, the defense theory was not that the prior allegations were false. Thus, the holding of *Erikson*—as opposed to the dicta—does not support appellant's position.

Third, in *United States v. Pagel*, the CAAF found the prior assault of an under-aged victim fell under Mil. R. Evid. 412. 45 M.J. 64, 69-70 (C.A.A.F. 1996). A concurrence by Judge Sullivan would have held Mil. R. Evid. 412 did not apply—for essentially the same reasons appellant now argues—but, in Judge Sullivan's view, the error was harmless. *Id*. at 70 (Sullivan, J, concurring) ("a sexual assault on a victim in my view is not 'sexual behavior' engaged in by the victim as provided in Mil. R. Evid. 412."). Plainly, the majority did not adopt Judge Sullivan's position. *Pagel* is binding on this court, and despite the footnote in *Erikson*, the CAAF has warned its subordinate courts not to assume it is overruling prior precedent by implication. *See United States v. Davis*, 76 M.J. 224, 228 n.2 (C.A.A.F. 2016) ("the service courts of criminal appeals must adhere to [the CAAF's] precedent even when they believe that subsequent decisions call earlier decisions into question.").

While binding CAAF precedent is reason enough for our conclusion in this case, we have also considered a variety of persuasive sources that, on balance, buttress the CAAF's precedent. Jurists on both civilian and military courts have grappled with essentially the same issue presented to us in this case. The reasoning of Judge Sullivan's concurrence in *Pagel* was echoed by the Court of Appeals for the Fourth Circuit approximately a year after the opinion in *Pagel* was published. In *United States v. Berkley*, the Fourth Circuit provides a good summary of the arguments for and against finding prior sexual abuse to fall within the scope of the rule. 1997 U.S. App. LEXIS 28911 (4th Cir. 1997).[10]

Interpreting Fed. R. Evid. 412—the relevant subsections of which read substantially the same as Mil. R. Evid. 412—the *Berkley* court noted that most courts have found prior sexual abuse falls within the scope of Fed. R. Evid. 412. *Id.* at \*5 (citing *United States v. Rouse*, 111 F.3d 561, 569 n.7 (8th Cir. 1997); *United States v. Provost*, 875 F.2d 172, 177-78 (8th Cir. 1989); *United States v. Cardinal*, 782 F.2d 34, 36 (6th Cir. 1986); *United States v. Stamper*, 766 F. Supp. 1396, 1399 (W.D.N.C. 1991)). The Fourth Circuit further observed that application of Fed. R. Evid. 412 to prior sexual abuse is not a uniform rule. *Id.* (citing *United States v. Bartlett*, 856 F.2d 1071, 1088 (8th Cir. 1988) (expressing doubt about whether prior

---

[10] We are mindful that *Berkley* is an unpublished decision, and does not serve as precedent in the Fourth Circuit.

rape charges are best governed by Rule 412 or Rule 608(b) but finding the analysis to be the same under both rules)).

In *Berkley*, the court observed that most cases interpreting Fed. R. Evid. 412 on the issue of prior abuse predate the 1994 changes to the rule.[11] *Id.* at *6. These changes were mirrored in later updates to Mil. R. Evid. 412. Ultimately, the *Berkley* court declined to decide whether prior sexual abuse falls within the scope of Mil. R. Evid. 412, and instead held that in any event, the evidence Mr. Berkley sought to introduce was properly excluded under Fed. R. Evid. 403. *Id.* at *6-10.

While our superior court's decision in *Pagel* was based on Mil. R. Evid. 412 as it existed prior to the 1994 changes to Fed. R. Evid. 412—and their subsequent incorporation into the Military Rules of Evidence—we do not conclude the changes narrow the application of the relevant rule. The rule, as it existed during Pagel's trial, applied to "evidence of a victim's past sexual behavior." Mil. R. Evid. 412(b) (1984). The rule applicable in this case applies to, "[e]vidence offered to prove that any alleged victim engaged in other sexual behavior." Mil. R. Evid. 412(a)(1). Whatever the distinction between these two incarnations of the rule, for the purposes of this case, it is without a difference.

Sound policy considerations also weigh in favor of finding Mil. R. Evid. 412 extends to protect victims from embarrassing and degrading inquiry into their prior sexual victimization. Rule 412 "is intended to shield victims of sexual assaults from the often embarrassing and degrading cross-examination and evidence presentations common to sexual offense prosecutions." *Gaddis*, 70 M.J. at 252 (citations and internal quotation marks omitted). Thus, the scope of the rule extends to evidence that "does not directly refer to sexual activities or thoughts, but that the proponent believes may have a sexual connotation for the fact finder." Fed. R. Evid. 412 Advisory Committee's Note to 1994 Amendment.

The rule extends not just to direct evidence of sexual behavior, but also circumstantial evidence that implies sexual behavior. *See, e.g., United States v. Galloway*, 937 F.2d 542 (10th Cir. 1991), *cert. denied*, 506 U.S. 957 (1992) (use of contraceptives inadmissible since use implies sexual activity); *United States v. One Feather*, 702 F.2d 736 (8th Cir. 1983) (birth of an illegitimate child inadmissible); *State v. Carmichael*, 727 P.2d 918, 925 (Kan. 1986) (evidence of venereal disease inadmissible). *See also United States v. Culver,* 598 F.3d 740, 749-50 (11th Cir.

---

[11] For example, the Advisory Committee Notes to the 1994 amendment explained: "Evidence offered to prove allegedly false prior claims by the victim is not barred by Rule 412." The Sixth Circuit held the opposite in *Cardinal* before the 1994 amendments.

2010) (concluding that the exclusion of the victim's prior sexual history under Fed. R. Evid. 412 in a production of child pornography case was a reasonable limitation when the evidence "would have confused the jury and harassed [the victim]" and was "marginally relevant at best"). Nothing in the text of Mil. R. Evid. 412 requires the "other sexual behavior" be consensual.[12]

Excluding the intimate details of an alleged victim's past nonconsensual sexual activity also safeguards the alleged victim from sexual stereotyping and innuendo. *See* Fed. R. Evid. 412 Advisory Committee's Note to 1994 amendment. The fact that NR was three years old at the time of her prior sexual assault does not change the fact that presentation of evidence of that prior assault would be embarrassing and degrading. *See S.M. v. J.K.*, 262 F. 3d 914, 919-20 (9th Cir. 2001) ("excluding prior instances or sexual assault, in addition to prior accusations, serves Rule 412's "principal purpose. . . to protect rape victims from the degrading and embarrassing disclosure of intimate details about their private lives."

For all the reasons discussed above, we follow the precedent our superior court set in *Pagel*, and find that evidence of NR's prior sexual abuse was evidence that she was "engaged in other sexual behavior," within the meaning of Mil. R. Evid. 412.[13] Further, SPC HT's belief that NR was previously sexually abused is inextricably intertwined with the abuse itself, and is also encompassed by the rule.

### C. The Constitutional Exception.

Whether the Constitution requires an accused be permitted to offer otherwise prohibited evidence is a question that necessitates balancing various countervailing factors, including the "probative value and the right to expose a witness's motivation in testifying versus the danger of 'harassment, prejudice, confusion of the issues, the witness' safety, or evidence that is repetitive or only marginally relevant." *Gaddis*, 70 M.J. at 252 (quoting *Van Arsdale*, 475 U.S. at 679). A military judge is in the best position to analyze the individual facts and issues presented on a case-by-case basis. *See e.g., Sandoval v. Acevedo*, 996 F.2d 145, 149 (7th Cir. 1993) ("Whether

---

[12] As the Sixth Circuit has observed, "[c]rimes of sexual violence necessarily include a nonconsensual act. The crime of rape, for example, cannot be separated from the sexual act itself." *Bloch v. Ribar*, 156 F.3d 673, 885 (6th Cir. 1998).

[13] Plainly, a three-year-old victim of sexual assault has not *consensually* "engaged in sexual behavior" and does not have any "sexual predisposition." Whether the sexual behavior was consensual or forced is not, however, dispositive under the rule. Further, even evidence of prior nonconsensual behavior might be offered for the improper purpose of spreading sexual innuendo about a victim. Such innuendo is precisely what Mil. R. Evid. 412 is designed to prevent.

[Rule 412] evidence is 'constitutionally required to be admitted' is reviewed on a case-by-case basis.").

The same piece of evidence may be admissible for one purpose and inadmissible for other purposes. The nature of the adversarial process, and specifically the history surrounding the promulgation of Mil. R. Evid. 412, demonstrate that parties sometimes seek to admit evidence for multiple purposes. When it comes to Mil. R. Evid. 412 rulings, the common practice of the military judge is to narrow the scope of inquiry such that the factfinder is presented only with that which is permissible.

We find the military judge did not abuse his discretion by excluding evidence of NR's prior sexual abuse. The defense sought to introduce evidence that SPC HT believed that NR was abused by other individuals approximately seven years before appellant's misconduct. Such evidence was completely unrelated to the pertinent facts in this case.

NR could not remember details of the prior abuse. There was no credible evidence that NR was confused between the prior abuse and appellant's actions. The prior abuse was remote in time, place, and actors from appellant's misconduct. There were no assertions at trial that the prior allegation was false or that SPC HT filed a false report of sexual abuse. In short, NR's prior abuse would not make any fact of consequence more or less probable.

Similarly, SPC HT's belief that NR was sexually assaulted years earlier simply did not advance any valid theory of defense and had minimal to no probative value. Appellant's counsel underscored the lack of relevance and probative value when he explained to the military judge, appellant did not care if the allegation was true or false. If appellant's purpose was to establish SPC HT was "hyper-vigilant" for child sexual abuse, the genesis of her hypervigilance is superfluous.

The military judge allowed appellant to introduce his theory of the case without delving into NR's past history of sexual abuse. Appellant was able to cross-examine SPC HT on her actions, and argue that she was hyper-vigilant, and over-reacted based on that cross-examination. Any long-buried contributing factors to SPC HT's alleged hypervigilance were of minimal probative value compared to SPC HT's actual actions from the moment she walked into the bedroom and developed a belief that appellant has sexually abused NR. Appellant was allowed to offer probative evidence, and precluded from offering minimally probative evidence.

*D. Evidence SPC HT and Her Mother Were Victims of Sexual Assault*

Appellant sought to offer evidence that SPC HT and her mother—NR's grandmother—were victims of unrelated sexual assaults by unknown persons.

Appellant's theory of admissibility was that SPC HT and her mother could have influenced NR to fabricate or exaggerate her report of abuse at the hands of appellant based on their own history of being sexually abused. The military judge prohibited appellant from offering such evidence because he found it failed to meet the threshold requirement of relevance.

The military judge did not abuse his discretion. "Trial judges retain 'wide latitude' to reasonably limit an accused's right to cross-examine a witness based on concerns including harassment, confusion of the issues, or 'interrogation that is . . . only marginally relevant.'" *Bishop*, 76 M.J. at 640 (alteration original) (quoting *Ellerbrock*, 70 M.J. at 318). Appellant's theory of admissibility was speculative at best. Whether or not SPC HT and her mother were themselves victims of sexual assaults, without more, simply does not begin to approach the threshold of relevance or materiality.[14] Even assuming, arguendo, SPC HT was hyper-vigilant for sexual assault, the reason for her hypervigilance makes no difference. It would not have made any fact of consequence more or less probable if SPC HT's alleged hyper-vigilance arose from viewing news media, watching a movie, speaking with a neighbor, reading a brochure, being a victim herself, or just being generally over-protective of her daughter. Appellant did not offer anything besides conjecture that would allow the military judge to find the proffered evidence relevant.

Further, even if there were some fleeting relevance to SPC HT and her mother's own history of sexual abuse, any error in excluding such evidence was harmless. The proffered evidence was so attenuated from the facts of this case that it would not have tipped the scales in appellant's favor by even a fraction. The proffered evidence was vastly outweighed by appellant's spontaneous utterance to military police showing his consciousness of guilt, the strength of NR's testimony, and SPC HT's factual observations upon entering the bedroom.

## CONCLUSION

The findings of guilty are AFFIRMED. The court only affirms so much of the sentence as provides for a bad-conduct discharge, forfeiture of $1,566.00 pay per month for one month,[15] and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision are ordered restored.

Senior Judge MULLIGAN and Judge SCHASBERGER concur.

---

[14] Furthermore, statements and evidence "are inadmissible if they are not material to the issue and may tend to degrade the person testifying." Mil. R. Evid. 303.

[15] *See* Rule for Courts-Martial 1003(b)(2).

TAYLOR—ARMY 20160744



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court